UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

EULA G. COLLINS,

        Plaintiff,

        CASE NO. _____

vs.

        CIVIL ACTION NO. 13-CI-420

PRUDENTIAL INSURANCE,

        Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Defendant") (incorrectly named as "Prudential Insurance"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Laurel Circuit Court, Division I, Commonwealth of Kentucky. In support of its Notice of Removal, Prudential states as follows:

    1.    On or about May 10, 2013, Plaintiff Eula G. Collins ("Plaintiff") commenced a civil action against Defendant by filing a complaint in the Laurel Circuit Court, Division I, Commonwealth of Kentucky. The lawsuit is recorded on that court's docket as Case No. 13-CI-420. There are no other parties named in Plaintiff's complaint.

    2.    Plaintiff served the complaint by mail postmarked on July 15, 2013, addressed to "Prudential Insurance," c/o CT Corporation Systems, 306 West Main St, Suite 512, Frankfort, KY 40601. CT Corporation Systems accepted service on behalf of Prudential Insurance Agency, LLC, the only entity listed with the Kentucky Secretary of State beginning with "Prudential Insurance." Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons, pleadings, and orders" served upon

Prudential in the state court action, is attached hereto as Exhibit A. Because Defendant has filed this Notice of Removal within thirty days of Plaintiff's attempt to serve Defendant, this Notice of Removal is timely. See 28 U.S.C. § 1446(b).

3. In her complaint, Plaintiff alleges that she "was a participant in an employee group disability insurance program administered by Prudential Insurance being Group Plan No. 42128." (Ex. A, Compl. ¶ 3.) She asserts that Defendant "has breached its contract of insurance by failing to provide the plaintiff disability benefits pursuant to the requirements of Disability Plan No. 42128 and the Employers [sic] Retirement Income Security Act (ERISA)." (Ex. A., Compl. ¶ 12.)

4. Thus, the complaint makes clear that Plaintiff's claim is for benefits pursuant to an employer-sponsored disability benefits plan that is governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*.

5. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. Because Plaintiff makes a claim for benefits under an ERISA governed plan, she brings a claim under the laws of the United States within the meaning of 28 U.S.C. § 1331. For this reason, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

7. Alternatively, should Plaintiff's claims be construed as breach of contract or other common law claim, they are preempted by ERISA and thus properly removed under 28 U.S.C. § 1441(b) as claims arising under federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 65-66 (1987) ("All such actions in Federal or State courts are to be regarded as arising under

the laws under the United States.") ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court."); *see also Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003) (common law claims of breach of contract, fraud, infliction of emotional distress, etc., based on the denial of benefits pursuant to the terms of an employee benefit plan, the administration of such a plan, or the representations of an administrator or fiduciary of such a plan are generally preempted). For this alternative reason, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

8.  Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 102(a)(1), this Court embraces the Laurel Circuit Court, Division I, Commonwealth of Kentucky. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

9.  Prompt written notice of this Notice of Removal will be sent to Plaintiff through her counsel, and to the Clerk of Court for the Laurel Circuit Court, Division I, Commonwealth of Kentucky as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit B.

10. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

11. Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendant respectfully requests that

the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant submits that this action properly is removable based on federal question jurisdiction and respectfully request that the above-described action pending against it be removed to the United States District Court for the Eastern District of Kentucky. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: August 2, 2013                           Respectfully submitted,

                                                THE PRUDENTIAL INSURANCE COMPANY
                                                OF AMERICA

                                                s/Heather C. McGregor
                                                One of Its Attorneys

                                                Heather C. McGregor
                                                QUINTAIROS, PRIETO, WOOD
                                                & BOYER, P.A.
                                                9300 Shelbyville Road
                                                Suite 400
                                                Louisville, KY 40222
                                                Telephone: (502) 423-6390
                                                Facsimile: (502) 423-6391
                                                E-mail: hmcgregor@qpwblaw.com

**CERTIFICATE OF SERVICE**

I, Heather C. McGregor, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT'S NOTICE OF REMOVAL to be served upon the following, by depositing a copy of same in the U.S. Mail, postage prepaid, on this 2nd day of August, 2013:

> Monica Rice Smith
> P.O. Box 1620
> Hyden, Kentucky 41749
>
> *Attorney for Plaintiff*

s/Heather C. McGregor
Heather C. McGregor
